| | |
|---|---|
| BLONDELL MOSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>ORDER</u> |
| ) | |
| PASQUOTANK COUNTY and ) | |
| PASQUOTANK COUNTY ) | |
| WATER DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 14 April 2011 joint motion to dismiss (DE # 9) filed by defendants Pasquotank County ("County") and Pasquotank County Water Department ("Water Department"). Plaintiff Blondell Moss ("plaintiff") filed a response on 8 June 2011. In her response to the motion to dismiss, plaintiff requests leave to file a second amended complaint. (Pl.'s Resp. Mot. Dismiss, DE # 21, at 25-26.)

Federal Rule of Civil Procedure 15 instructs that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." <u>Laber v. Harvey</u>, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." <u>Id.</u> (citation and internal quotation marks omitted); <u>see also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). An amendment is futile if it cannot withstand a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>See</u>

Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995).

As plaintiff herself acknowledges (see Pl.'s Resp. Mot. Dismiss, DE # 21, at 23), any amendments relating to the Water Department would be futile because the Water Department is not an entity that is capable of being sued under North Carolina law. See Avery v. Cnty. of Burke, 660 F.2d 111, 113-14 (4th Cir. 1981) (noting that state law dictates whether a governmental agency has the capacity to be sued in federal court). North Carolina General Statutes § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's Water Department. See, e.g., Craig v. Cnty. of Chatham, 545 S.E.2d 455, 456 (N.C. Ct. App. 2001) (noting that the county's Board of Health and Board of Commissioners "are not entities capable of being sued"), aff'd in part, rev'd in part on other grounds, 565 S.E.2d 172 (N.C. 2002); Piland v. Hertford Cnty. Bd. of Comm'rs, 539 S.E.2d 669, 671 (N.C. Ct. App. 2000) (holding that county Board of Commissioners was not a proper party to be sued). As a result, the Water Department will be dismissed from this action.

Furthermore, any amendments to the race and disability discrimination claims found in Counts Six and Seven of the first amended complaint would also be futile because the statute on which plaintiff relies in those counts, the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143-422.1 *et seq*., does not provide a private cause of action. See Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 544 (E.D.N.C. 2008) (finding that plaintiff's allegations concerning age, race, and sex discrimination failed to state a claim because North Carolina does not recognize a private cause of action under the NCEEPA). "Instead, most courts have applied

2

the NCEEPA only to common law wrongful discharge claims or in connection with other specific statutory remedies." Smith, 202 F.3d at 247; see also Lemay v. Bridgestone Bandag, LLC, 5:09-CV-532-BO, 2010 WL 2465238, at *3 (E.D.N.C. June 15, 2010) ("Courts have only allowed plaintiffs making a claim for a common law tort action, such as wrongful discharge, to base their claim on the NCEEPA."). Therefore, plaintiff's race and disability discrimination claims brought under the NCEEPA will be dismissed with prejudice.

With respect to the remaining claims, the County argues that plaintiff's request to amend the complaint is defective because plaintiff failed to file the proposed second amended complaint as required by this district's Policy Manual. See Eastern District of North Carolina Electronic Case Filing Administrative Policies and Procedures Manual § E(4) (rev. Jan. 25, 2010), available at http://www.nced.uscourts.gov/html/cmecf.htm. Although plaintiff did fail to submit her proposed second amended complaint in accordance with local procedure, this does not necessarily serve as a basis to deny her request. See, e.g., Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991) (district court could consider the failure to attach the proposed pleading as a factor in the determination of whether it should grant the motion to amend, but such a failure was not fatal); Murray v. New York, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009) ("If the movant's papers adequately explain the basis for, and nature of, the proposed amendment, . . . the failure to attach a proposed amended complaint to the motion is not necessarily fatal.").

Here, plaintiff states in her response to the motion to dismiss that she is seeking leave to amend in order "to fix any deficiencies that may be cured through repleading." (Pl.'s Resp. Mot.

3

Dismiss, DE # 21, at 26.) Among other things, plaintiff specifically states that she will "clarify her wrongful discharge claim . . . ." (Id.) Although plaintiff's explanation of the basis for the proposed amendment is not particularly detailed, the court finds it sufficient. It is apparent from plaintiff's request that she is not seeking to assert new, unspecified claims or to add additional parties. Rather, she intends to refine the claims asserted in the first amended complaint, and such clarification will, in turn, "facilitate a proper decision on the merits." Foman, 371 U.S. at 182. The court further notes that although plaintiff's proposed amendment may inconvenience the County, the amendment is not prejudicial because this case is in the early stages of litigation. Discovery has not yet begun, and initial disclosures have not been served. In addition, plaintiff, who was previously proceeding *pro se*, should be afforded an opportunity to allow her recently retained counsel to file an amended pleading. In amending the complaint, plaintiff should consider the standards for motions to dismiss set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

However, in light of the briefing that has already been done in this matter and in light of the fact that plaintiff did not properly submit a proposed second amended complaint even though she was represented by counsel at the time that she filed her response to the motion to dismiss, the court warns plaintiff that she will not be given another chance to address the alleged deficiencies of her claims. In other words, the court will not grant plaintiff another opportunity to amend the complaint.

Accordingly, the motion to dismiss (DE # 9) is GRANTED IN PART and DENIED IN PART. The Water Department is DISMISSED from this action. Plaintiff's claims of race and disability discrimination brought under the NCEEPA (Counts Six and Seven) are DISMISSED

WITH PREJUDICE. Plaintiff is ALLOWED to file a second amended complaint, as outlined above, within 15 days of the date of this order. The County has the right to file a motion to dismiss the second amended complaint in lieu of an answer.

This 8 August 2011.

                                            W. Earl Britt
                                            Senior U.S. District Judge