IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:10-CV-56-BR

| | |
|---|---|
| BLONDELL MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| PASQUOTANK COUNTY, | ) |
| | ) |
| Defendants. | ) |

This cause comes before the Court upon the parties' joint motion to stay discovery. (DE-31). Plaintiff filed his original complaint on October 21, 2010 and then amended it on February 22, 2011. (DE's 1, 4). Defendants moved to dismiss the amended complaint in its entirety, and also filed a motion to stay discovery pending a decision on the motion to dismiss. The motion to stay was granted on May 12, 2011. (DE-18). On August 8, 2011, the motion to dismiss was granted in part. (DE-23). Plaintiff filed a second amended complaint on August 23, 2011. (DE-24). The sole remaining Defendant, Pasquotank County, moved to dismiss the second amended complaint on September 9, 2011. (DE-26). In the instant motion, the parties jointly request that all discovery be stayed during the pendency of the second motion to dismiss.

As the undersigned noted in the May 12, 2011 Order, Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue orders limiting or staying discovery. Specifically:

> A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. Tilley v. United States, 270 F, Supp. 2d 731, 734 (M.D.N.C. 2003), aff'd, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), cert denied, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. See id. at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it

> is necessary to gather facts in defense of the motion. Tilley, 270 F. Supp. 2d at 734; Simpson, 121 F.R.D. at 263.
>
> Yongo v. Nationwide Affinity Ins. Co. of America, 2008 WL 516744 (E.D.N.C. 2008), at *2 (footnote omitted).

Moreover, a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." U.S. v. A.T. Massey Coal Co., 2007 WL 3051449 (S.D.W.Va. 2007)(*quoting*, Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D.C. Del. 1979). In their memorandum in support, the parties have demonstrated good cause for their request. (DE-32).

For these reasons, this motion (DE-31) is GRANTED. All discovery in this matter—including, *inter alia*, the requirements of Rules 26(a) and (f)—is stayed until Defendant's motion to dismiss (DE-26) is ruled upon. To this end, the proposed Rule 26(f) report filed by the parties prior to their motion to stay shall be stricken from the record as moot. If Defendant's motion is denied, the parties shall, within 15 days thereafter, confer regarding a discovery plan and file a proposed discovery plan within 15 days after said conference.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, October 12, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE